# Historical Use of Assistant Attorneys General

The Attorney General may reassign Assistant Attorneys General from one unit to another within the Department of Justice. This has been done on at least ten occasions and does not require that the Assistant Attorney General be reconfirmed by the Senate.

October 27, 1983

MEMORANDUM OPINION FOR THE DEPUTY ATTORNEY GENERAL

This responds to your request 'for information on whether the Attorney General may reassign Assistant Attorneys General (Assistants) from one unit to another without resubmitting their names to Congress, and whether the Attorney General has ever done so. We believe that the Attorney General is authorized to make such shifts as internal Department transfers because, except for the Assistant for Administration, 28 U.S.C. § 507, the Assistants are not limited to any statutory functions. 28 U.S.C. § 506.[1] *See also id.* §§ 509, 510. We have identified at least ten occasions on which an Attorney General has made such transfers. In one other instance, discussed below, political considerations persuaded the Attorney General to make the shift by having the Assistant resign from his first position and be nominated and confirmed again as an Assistant for the second position.

## I. Historical Examples

*The Register of the United States Department of Justice and the Federal Courts* (1983) does not list Assistants by division until 1925, shortly after appointment by division apparently began. *Id.* at 140. By comparing names of Assistants heading the divisions since then, we have identified the following individuals who served consecutively as the head of two different units in the Department and who were transferred to their second position without a new confirmation hearing.

1. *Robert H. Jackson:* Mr. Jackson became head of the Tax Division in March 1936. In January 1937 he was designated head of the Antitrust Division to fill a vacancy caused by a resignation.[2]

---

[1] Section 506 states that "[t]he President shall appoint, by and with the advice and consent of the Senate, ten Assistant Attorneys General, who shall assist the Attorney General in the performance of his duties." Prior to 1950, this language was codified at 5 U.S.C. § 295.

[2] N.Y. Times, Jan. 19, 1937, at 7, col. 7.

2. *James W. Morris:* Mr. Morris was appointed to head the Claims (now Civil) Division in November 1935. In January 1937, he was transferred to the Tax Division to fill the vacancy left by Mr. Jackson's transfer, described above.[3]

3. *Tom C. Clark/Wendell Berge:* Mr. Clark was placed in charge of the Antitrust Division in early 1943, and Mr. Berge was placed in charge of the Criminal Division in 1941. As part of a Department reorganization aimed at increasing efficiency in response to the demands of World War II, the Attorney General had Mr. Clark and Mr. Berge exchange positions in August 1943.[4]

4. *David L. Bazelon:* Mr. Bazelon was the Assistant in charge of the Land and Natural Resources Division from 1946 until he was transferred in the Spring of 1947 to head the newly created Office of Alien Property.[5]

5. *John F. Sonnett:* Mr. Sonnett served as Assistant in charge of the Claims Division from 1945 until May 1947, when Attorney General Clark shifted him to the Antitrust Division to fill a vacancy caused by the resignation of Wendell Berge.[6]

6. *Theron Lamar Caudle:* Mr. Caudle headed the Criminal Division from 1945 until July 1947, when he was moved to the Tax Division.[7]

7. *James M. McInerney:* As the result of a Department-wide reshuffling in the early 1950s, Mr. McInerney was transferred from the Criminal Division to the Land and Natural Resources Division in August 1952.[8]

8. *Malcolm R. Wilkey:* Mr. Wilkey headed the Office of Legal Counsel for a year until he was shifted in 1959 by Attorney General Rogers to the Criminal Division. Att'y Gen. Order No. 177–59 (Mar. 26, 1959).[9]

9. *Edwin L. Weisl, Jr.:* Mr. Weisl was moved by Attorney General Clark in 1967 from the Land and Natural Resources Division to the Civil Division. Att'y Gen. Order No. 384–67 (Oct. 9, 1967).[10]

There was one transfer that deviated from this pattern. After passage of the Civil Rights Act of 1957, Attorney General Rogers chose W. Wilson White, then Assistant Attorney General for this Office, to head the newly created Civil Rights Division.[11] One reported reason for the choice of Mr. White was to avoid debate in Congress over the new division by eliminating the need for a confirmation hearing.[12] However, unfavorable reaction from Congress, which wanted to scrutinize the first head of the Civil Rights Division, persuaded the

---

[3] *Id.*

[4] N.Y. Times, Aug. 29, 1943, at 27, col. 1.

[5] N.Y. Times, Apr. 25, 1947, at 18, col. 7. Prior to that, there had been an Office of Alien Property headed by a director and a separate alien property litigation unit. *Id. See also Register, supra,* at 13 (41st ed. 1947).

[6] N.Y. Times, May 2, 1947, at 28, col. 2. *See also Register, supra,* at 3 (41st ed. 1947).

[7] *See Register, supra,* at 4 (41st ed. 1947); H.R. Rep. No. 1079, 83rd Cong., 1st Sess. 90, 91, 95 (1953).

[8] N.Y. Times, Aug. 9, 1952, at 1, col. 6; *id.,* Aug. 6, 1952, at 12, col. 6.

[9] N.Y. Times, Mar. 24, 1959, at 27, col. 2. The *Times* noted that "[t]he move to the Criminal Division does not require Senate confirmation."

[10] N.Y. Times, Oct. 1, 1967, at 1, col. 2.

[11] *See* Att'y Gen. Order No. 155–57 (Dec. 9, 1957).

[12] N.Y. Times, Nov. 22, 1957, at 1, col. 2 ("The expected struggle over confirmation, with all its likely personal attacks, would doubtless have discouraged any judges or leading lawyers in private practice from accepting the civil rights position.").

Attorney General and the White House to change their plans. Mr. White resigned his position with this Office, received a recess appointment as Assistant Attorney General for the Civil Rights Division, and was nominated for the permanent position. After a six-month delay, the Senate confirmed him.

## II. Prior Memoranda

This Office has written at least three times with reference to the fungibility of Assistants. In 1953 we responded to inquiries from the Deputy Attorney General by stating flatly that "[t]he several Assistant Attorneys General are not required to be assigned to any particular divisions." Memorandum for Russell L. Malone, Jr., Deputy Attorney General from Ellis Lyons, Acting Assistant Attorney General, Executive Adjudications Division (Jan. 15, 1953). In 1957, we examined the issue again in a memorandum prepared for use by the Attorney General. Noting the lack of any statutory requirement that any Assistant perform specific duties and the statutory vesting of all functions of the Department, with limited exceptions, in the Attorney General, 28 U.S.C. § 509, we concluded that there were no statutory limits on the duties of any Assistant Attorney General. Memorandum on Statutory Specification of Duties of Assistant Attorneys General (Feb. 18, 1957). Finally, earlier this year we wrote an opinion explaining why there were no constraints on the use of the tenth Assistant slot created by Pub. L. No. 95–598, § 218, 92 Stat. 2549, 2662 (1978). We concluded that, "[a]s with the other nine Assistant Attorney General slots we believe that the Attorney General may exercise unfettered discretion in deciding how this new Assistant Attorney General can best assist him." Memorandum for Edward C. Schmults, Deputy Attorney General from Ralph W. Tarr, Deputy Assistant Attorney General, Office of Legal Counsel (Feb. 8, 1983).

## Conclusion

The Attorney General is authorized under 28 U.S.C. § 506 to have ten Assistants. He may assign them any duties he chooses, 28 U.S.C. §§ 509, 510, including the supervision of a division other than that for which they were nominated and confirmed. This has in fact that been done at least ten times and there is no reason to believe it cannot be done in the future.

THEODORE B. OLSON
*Assistant Attorney General*
*Office of Legal Counsel*